UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MILTON AL STEWART, Acting Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | Civil Action No. 21-140 |
| v. | Injunctive Relief Sought |
| PUERTO VALLARTA MEXICAN GRILL LLC, NUEVO VALARTA MEXICAN GRILL LLC, JORGE GOMEZ, and LILIANA GOMEZ, | |
| Defendants. | |

## COMPLAINT

1.      Plaintiff Milton Al Stewart, Acting Secretary of Labor, United States Department

of Labor (the "Secretary"), brings this action because two restaurants, Defendants Puerto

Vallarta Mexican Grill LLC and Nuevo Vallarta Mexican Grill LLC, and two of the restaurants'

managers, Defendants Jorge Gomez and Liliana Gomez (collectively, "Defendants"), have failed

to pay their employees the federal minimum wage and the required overtime premium, failed to

keep accurate employment-related records, and unlawfully retaliated against employees all in

violation of the Fair Labor Standards Act of 1938 (the "FLSA").

2.      The Secretary seeks to have the Court enjoin Defendants from violating the

provisions of Sections 6, 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206,

207, 211, 215(a)(2), 215(a)(3), and 215(a)(5), and to recover unpaid wages and liquidated

damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the FLSA, 29 U.S.C.

1

§§ 215(a)(2) and 216(c).

Jurisdiction and Venue

3.      Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

4.      Venue is proper in the United States District Court for the District of New Hampshire because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

The Parties

5.      Plaintiff Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

6.      Defendant Puerto Vallarta Mexican Grill LLC ("Puerto Vallarta") is a company having a place of business located at 865 Second Street, Manchester, New Hampshire 03102, within the jurisdiction of this Court, and is engaged at that place of business in the operation of a restaurant.

7.      Defendant Nuevo Vallarta Mexican Grill LLC ("Nuevo Vallarta") is a company having a place of business located at 791 Second Street, Manchester, New Hampshire 03102, within the jurisdiction of this Court, and is engaged at that place of business in the operation of a restaurant.

8.      Puerto Vallarta and Nuevo Vallarta employ the employees listed on the attached Exhibit A who have not received proper compensation and have suffered retaliation under the

2

FLSA.

9.      Defendant Jorge Gomez is an owner and manager of Puerto Vallarta and Nuevo Vallarta.

10.     Defendant Jorge Gomez transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

11.     The claims against Defendant Jorge Gomez in this case arise out of and are directly related to his business activities in New Hampshire.

12.     Defendant Jorge Gomez has certain control over the daily operations of Puerto Vallarta and Nuevo Vallarta, including the authority to supervise employees, enforce the restaurants' policies, hire and fire employees, and modify employees' conditions of employment.

13.     Defendant Jorge Gomez is and has been an employer of Puerto Vallarta and Nuevo Vallarta's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.     Defendant Liliana Gomez is a manager of Puerto Vallarta and Nuevo Vallarta.

15.     Defendant Liliana Gomez transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

16.     The claims against Defendant Liliana Gomez in this case arise out of and are directly related to her business activities in New Hampshire.

17.     Defendant Liliana Gomez has certain control over the daily operations of Puerto Vallarta and Nuevo Vallarta, including the authority to supervise employees, enforce the restaurants' policies, hire and fire employees, and modify employees' conditions of employment.

18.     Defendant Liliana Gomez is and has been an employer of Puerto Vallarta and Nuevo Vallarta's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

<u>Defendants Are an Enterprise Engaged in Commerce</u>

19.     At all times described herein, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

20.     At all times described herein, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

21.     Said enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

22.     For the period covered by this Complaint, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

<u>Defendants are Horizontal Joint Employers Under the FLSA</u>

23.     At all times covered by this Complaint, Defendants have been horizontal joint employers within the meaning of 29 C.F.R. § 791.2(e).

24.     Defendants do not operate independently and are not disassociated with respect to

4

their employment of employees.

25.    Defendants Puerto Vallarta and Nuevo Vallarta have common ownership and management, and share certain services between their two locations.

26.    Defendants Puerto Vallarta and Nuevo Vallarta share employees across their two locations.

<u>Defendants' Wage and Hour Practices</u>

27.    From May 20, 2017 to at least May 16, 2020, Defendants willfully failed to pay certain employees working at Puerto Vallarta and listed in the attached Exhibit A the minimum wage required by Section 6 of the FLSA, 29 U.S.C. § 206.

28.    From July 1, 2017 through at least June 27, 2020, Defendants willfully failed to pay certain employees working at Nuevo Vallarta and listed in the attached Exhibit A the minimum wage required by Section 6 of the FLSA, 29 U.S.C. § 206.

29.    During those time periods, Defendants knew of the FLSA's requirements and failed to pay certain front-of-the-house employees for all hours worked, including for hours spent cleaning the restaurants.

30.    From May 20, 2017 to at least May 16, 2020, Defendants willfully failed to pay certain employees working at Puerto Vallarta and listed in the attached Exhibit A the overtime premium required by Section 7 of the FLSA, 29 U.S.C. § 207.

31.    From July 1, 2017 through at least June 27, 2020, Defendants willfully failed to pay certain employees working at Nuevo Vallarta and listed in the attached Exhibit A the overtime premium required by Section 7 of the FLSA, 29 U.S.C. § 207.

32.     During those time periods, Defendants knew of the requirements of the FLSA and:

    a.   Erroneously calculated employees' overtime premium rates based on their cash wages as opposed to their regular rates of pay;

    b.   Failed to pay the required overtime premium to front-of-the-house employees for all overtime hours worked, including hours spent cleaning the restaurants;

    c.   Failed to properly compute the overtime premium due to employees who worked at both restaurants in an overtime workweek; and

    d.   Failed to properly pay the required overtime premium to back-of-the-house employees.

33.     During the time periods set forth above, Defendants failed to maintain the records required under Section 11 of the FLSA, 29 U.S.C. § 211.

34.     Defendants did not maintain complete records as required by the FLSA, including records of employees' names and addresses, the time and day on which each employee's workweek began, employees' hourly rates of pay, total wages paid, and dates of payments.

35.     During the time periods set forth above, Defendants violated the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), by, among other things, coaching employees on what to say to the Wage and Hour Division of the United States Department of Labor during its investigation of Defendants, which well might dissuade a reasonable worker from engaging in protected activity under the FLSA.

**COUNT ONE**
**Defendants Failed to Pay the Minimum Wage Required by Section 6 of the FLSA**

36.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

37.     Defendants have willfully violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by employing and paying employees wages at rates less than the applicable minimum wage under the FLSA.

38.     Therefore, Defendants are liable for minimum wage compensation owed to employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

**COUNT TWO**
**Defendants Failed to Pay the Overtime Premium Required by Section 7 of the FLSA**

39.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

40.     Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of forty hours in such workweeks.

41.     Therefore, Defendants are liable for overtime compensation owed to the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

**COUNT THREE**
**Defendants Failed to Keep Records Required Under Section 11 of the FLSA**

42.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

43.     Defendants failed to keep true and accurate records of with respect to their non-exempt employees in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

**COUNT FOUR**
**Violation of Section 15(a)(3) of the Act—Unlawful Discrimination**

44.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

45.     Defendants have violated the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by unlawfully coaching employees on what to say to the Secretary's investigator, which well might have dissuaded reasonable employees from speaking freely to the Secretary's investigator about their employment or engaging in other activity protected by the FLSA.

**PRAYER FOR RELIEF**

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA, including doing so willfully, as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1.     For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act,

including Sections 6, 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5), 29 U.S.C. §§ 206, 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5);

2.      For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time period set forth above with respect to each restaurant, plus liquidated damages equal in amount to the unpaid wages found due. Additional amounts of back wages, and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after the time periods set forth above, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit A;

3.      For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

4.      In the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5.      Awarding the Secretary the costs of this action; and

6.      Granting such other and further relief as may be necessary and appropriate.


Elena S. Goldstein
Deputy Solicitor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla___
Mark A. Pedulla
Counsel for Wage & Hour
pedulla.mark.a@dol.gov
MA BBO No. 685925

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: February 12, 2021